UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

VIVERE ADVENTURES, LTD

     Plaintiff,

vs

STARBOARD YACHT GROUP, LLC

     Defendant.

CASE NO.: 0:25-cv-61065-WPD

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

COMES NOW, Plaintiff, VIVERE ADVENTURES, LTD, by and through its undersigned Counsel, pursuant to Rules 55(b) and 58 of the Federal Rules of Civil Procedure, and this Court's Order (Doc. No. 24), and moves this Honorable Court for entry of Final Default Judgment against STARBOARD YACHT GROUP, LLC as follows:

## STATEMENT OF FACTS

1.    Plaintiff filed its Complaint on May 29, 2025. (Doc. No. 1). The matter generally involves allegations that Plaintiff paid for a Seakeeper that was never delivered or installed on Plaintiff's Yacht, and also that Defendant STARBOARD YACHT GROUP, LLC. caused damage to the yacht's tender.

2.    On or about December 18, 2025, this Court struck Defendant's Pleadings for failure to retain new counsel, and entered a Default against Defendant STARBOARD YACHT GROUP, LLC. Doc. No. 24.

CASE NO.: 0:25-cv-61065-WPD

5.      According to the Declaration of the former Captain of the Vessel Lucas Gourio, attached hereto as **EXHIBIT "A,"** on or about December, 2024, VIVERE hired STARBOARD to install a Seakeeper and a 220v battery charger with circuits breakers on the Motor Yacht *Formosa*.  It was agreed that the work would be completed by March, 2025.  *See Declaration of Lucas Gourio at ¶5.*

6.      In connection with the work, STARBOARD provided two invoices and a work order for the following amounts: 1) $59,339.67, 2) $15,537.01 and 3) $12,680.10.  *Id. at ¶6.  See also, EXHIBIT "A," to Amended Complaint, Doc. No. 6-1.*

7.      VIVERE has paid STARBOARD the sum of $78,209.77, which includes the entirety of the invoices, and a $6,190.00 deposit for the additional work order.  Payments were made as follows:

| Date of Payment | Means of Payment | Amount of Payment |
|---|---|---|
| 01/07/2025 | Wire transfer | $ 59,339.67 |
| 02/19/2025 | Wire transfer | $ 6,190 |
| 03/04/2025 | Wire transfer | $ 12,680.10 |
| **TOTAL** | | $78,209.77 |

*Id. at ¶7.*

8.      STARBOARD never installed or provided the Seakeeper, nor has it returned any of the payments made.  *Id. at ¶8.*

9.      STARBOARD also caused damage to the Vessel's hatch which cost $7,435.50 to fix.  See statement from Rybovich shipyard.  *Id. at ¶8.*

- 2 -

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

10.     Based on the foregoing, and for reasons to be explained below, this Court should enter final default judgment in favor of Plaintiff and against STARBOARD YACHT GROUP, LLC. in the principal amount of $85,645.27, plus pre-judgment interest through December 26, 2025 in the amount of $8,433.58, plus pre-judgment interest thereafter through the date of judgment in the per-diem amount of $16.50, plus costs, and post-judgment interest thereafter.

## MEMORANDUM OF LAW

The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987); *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the court may enter a default judgment against a party against whom default has been entered. The decision whether to enter default judgment is within the discretion of the court. *DIRECTV v. Huynh*, 318 F.Supp.2d 1122, 1126–27 (M.D.Ala.2004) (*citing Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir.1985)). By its default, Defendant is deemed to have admitted the well-pleaded averments in the Complaint, except those as to the amount of damages. Fed.R.Civ.P. 8(d); *Klapprott v. U.S.*, 335 U.S. 601, 624, 69 S.Ct. 384, 93 L.Ed. 266 (1949). A court may enter

a default judgment awarding damages without a hearing if the amount of damages is liquidated, is capable of mathematical calculation or is demonstrated by detailed affidavits. *Adolph Coors Co.*, 777 F.2d at 1543.

It is the general rule of this circuit to award pre-judgment interest in admiralty cases. *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir.1990). In awarding pre-judgment interest the district court does not need to make specific findings. *Self v. Great Lakes Dredge & Dock Co.,* 832 F.2d 1540, 1550 (11th Cir.1987). The "district court's decision on whether to award pre-judgment interest [is reviewed] for abuse of discretion." *Ins. Co.,* 901 F.2d at 942. The rate of pre-judgment interest that should be awarded is the prime rate during the relevant period. First *Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir.1999) (unless the rate is statutorily defined, the district court is bound to award prime interest rate, anything other will be an abuse of discretion); *The Ohio River Co. v. Peavey Co.*, 731 F.2d 547, 549 (8th Cir.1984) (the interest should be the average prime rate during the relevant period of injury); *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003). The average prime rate between January 2025 and the present is 7.125%. Plaintiff calculates pre-judgment interest as follows:

| Principal Amount | Starting Date | Number of Days Through December 26, 2026 | Rate | Per Diem Interest | Total |
|---|---|---|---|---|---|
| $59,339.67 | 1/7/2025 | 353 | 7.125% | $11.58 | $4,087.74 |
| $6,190.00 | 2/19/2025 | 310 | 7.125% | $1.21 | $375.10 |
| $12,680.10 | 3/4/2005 | 297 | 7.125% | $2.48 | $736.56 |
| $7,345.50 | 5/14/2005 | 226 | 7.125% | $1.43 | $3234.18 |
| **TOTALS** | | | | **$16.70** | **$8,433.58** |

- 4 -

CASE NO.: 0:25-cv-61065-WPD

In the instant case, the well pled allegations of the Complaint and the Declaration of the Captain Lucas Gourio establish that Plaintiff is entitled to judgment in the principal amount of $85,645.27, plus pre-judgment interest through December 26, 2025 in the amount of $8,433.58, plus pre-judgment interest thereafter through the date of judgment in the per-diem amount of $16.50, plus costs, and post-judgment interest thereafter.

WHEREFORE, Plaintiff, VIVERE ADVENTURES, LTD, respectfully requests this Honorable Court grant its Motion for Final Default Judgment, and for such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Robert D. McIntosh*
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Robert D. McIntosh
Fla. Bar No. 115490
Email: rmcintosh@fowler-white.com

FOWLER WHITE BURNETT, P.A.
200 East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Telephone:    (954) 377-8100
Facsimile:     (954) 377-8101

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

CASE NO.: 0:25-cv-61065-WPD

being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Adam B. Cooke
Adam B. Cooke

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100