**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

VIVERE ADVENTURES, LTD.,
     Plaintiff,



FILED BY _____ D.C.

JAN 12 2025

CLERK U.S. ....
S. D. ....

v.              Case No. 0:25-cv-61065-WPD

STARBOARD YACHT GROUP, LLC,
     Defendant.
_____/

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

## AND EMERGENCY MOTION TO VACATE DEFAULT

Defendant Starboard Yacht Group, LLC ("SYG"), through its Managing Member Charles Jacob Stratmann appearing on an interim pro se basis while newly retained counsel addresses priority state court criminal matters, respectfully responds to this Court's Order to Show Cause (DE 26) and moves to vacate the Clerk's Entry of Default. In support thereof, SYG states:

### I. INTRODUCTION

1.    This case arises from a Seakeeper 2 installation contract where performance became legally impossible due to circumstances entirely beyond SYG's control. Specifically, Seakeeper, Inc. terminated SYG's authorized dealer status and refused to ship the contracted equipment, making it impossible for SYG to complete the installation.

2.    The default in this case resulted not from willful disregard but from the withdrawal of SYG's counsel and the subsequent corporate representation crisis. SYG has a

complete defense on the merits: impossibility of performance caused by a third party (Seakeeper, Inc.) who is the true wrongdoer.

3.      Both SYG and Vivere Adventures are victims of Seakeeper, Inc.'s tortious conduct. SYG intends to file a Third-Party Complaint against Seakeeper, Inc. seeking indemnification and direct damages.

## II. FACTUAL BACKGROUND

### A. The Contract and Seakeeper Termination

4.      On or about January 7, 2025, Vivere Adventures contracted with SYG for the installation of a Seakeeper 2 stabilizer on its 2021 Contender 34 ST vessel (M/Y Formosa). The total contract price was $78,209.77, which included the Seakeeper 2 unit (Part #90469) at $26,375.00.

5.      Unbeknownst to Vivere, on December 2, 2024—more than a month before the contract—Seakeeper, Inc. had sent SYG a termination notice stating the dealer relationship would be terminated "effective immediately."

6.      Despite this termination, SYG attempted to order the Seakeeper 2 unit for the Vivere project. On January 27, 2025, Tom Cole, Seakeeper's Regional Aftermarket Manager, explicitly refused to fulfill the order, stating: "Unfortunately, we are unable to fulfill this order at this time."

7.      Seakeeper retained approximately $30,000 in funds SYG had previously paid for the unit but refused to ship the equipment or timely refund the payment.

### B. SYG's Mitigation Efforts

8.      Upon learning of Seakeeper's refusal to ship, SYG immediately sought alternative solutions. SYG contracted with USA Stabilizers to provide an equivalent stabilization system for the Vivere vessel.

9.      SYG offered to complete the installation using USA Stabilizers equipment at no additional cost to Vivere. Vivere refused this alternative and removed the vessel from SYG's access.

### C. The Default Crisis

10.     On November 21, 2025, SYG's counsel, Matthew Valcourt, withdrew from representation (DE 17-18). The Court set December 5, 2025 as the deadline to obtain new counsel.

11.     SYG, as a limited liability company, cannot appear pro se in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

12.     On December 31, 2025, SYG retained new counsel. However, that counsel is currently occupied with priority state court criminal matters in related litigation (BlueWater Yacht Sales v. Starboard Yacht Group, BSO Case #34-25-12-209096), which necessarily take precedence over civil matters due to liberty interests at stake.

### III. LEGAL STANDARD

13.     Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause." The Eleventh Circuit applies a three-factor test: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and

(3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

14.     Courts strongly favor resolving cases on the merits. "Because of the 'strong policy of determining cases on their merits,' defaults are 'generally disfavored.'" Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

## IV. ARGUMENT

### A. The Default Was Not Culpable or Willful

15.     SYG's default resulted from extraordinary circumstances: counsel's withdrawal coupled with the legal impossibility of an LLC appearing pro se in federal court. This is not willful disregard but an unavoidable procedural gap.

16.     SYG actively participated in this litigation by filing an Answer (DE 9), responding to discovery, and retaining new counsel as soon as practicable. These actions demonstrate good faith engagement, not culpable neglect.

### B. No Prejudice to Plaintiff

17.     Vivere will suffer no prejudice from vacating the default. This case is in its early stages; no trial date has been set; discovery is minimal. Vivere's only "prejudice" would be having to prove its case on the merits—which is not cognizable prejudice.

18.     Moreover, if Vivere's true goal is recovery, it should join SYG in pursuing Seakeeper, Inc.—the entity that actually caused the harm by terminating SYG's dealership and refusing to ship the contracted equipment.

### C. SYG Has a Meritorious Defense: Impossibility of Performance

19.     Under Florida law, impossibility of performance is a complete defense to a breach of contract claim. "Impossibility of performance sufficient to discharge a party from a contract obligation exists when the specific thing necessary for performance of the agreement is destroyed, or when the means of performance of the agreement is made impossible by act of God, the law, or the other party." Home Design Center-Joint Venture v. County Appliances of Naples, Inc., 563 So. 2d 767, 770 (Fla. 2d DCA 1990).

20.     Here, the "specific thing necessary for performance"—the Seakeeper 2 unit—was made unavailable by Seakeeper's termination of SYG's dealership and explicit refusal to ship the equipment. This third-party action made SYG's performance legally impossible.

21.     The timeline is critical: (a) December 2, 2024: Seakeeper terminates SYG's dealership; (b) January 7, 2025: Vivere contracts with SYG; (c) January 27, 2025: Seakeeper refuses to ship SK2; (d) February-March 2025: Vivere continues to pay SYG after impossibility established.

22.     SYG did not breach; SYG was prevented from performing by Seakeeper's independent tortious conduct.

## V. THIRD-PARTY CLAIMS AGAINST SEAKEEPER, INC.

23.     SYG intends to file a Third-Party Complaint against Seakeeper, Inc. pursuant to Federal Rule of Civil Procedure 14, asserting claims for: (a) Breach of the 2018 Dealer Agreement; (b) Tortious Interference with Contract; (c) Breach of the Implied Covenant of Good Faith and Fair Dealing; (d) Unjust Enrichment; and (e) Indemnification and Contribution.

24.     Seakeeper's conduct was part of a coordinated scheme that has affected multiple SYG customers and projects, as evidenced by the fact that Seakeeper's termination was effective January 31, 2025—the same day as unrelated settlements in other coordinated litigation.

## VI. CONCLUSION

WHEREFORE, Defendant Starboard Yacht Group, LLC respectfully requests that this Court:

a. Accept this Response to the Order to Show Cause;

b. Vacate the Clerk's Entry of Default;

c. Reinstate SYG's Answer and Affirmative Defenses;

d. Deny Plaintiff's Motion for Default Judgment;

e. Grant leave to file a Third-Party Complaint against Seakeeper, Inc.; and

f. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 12, 2026

/s/ Charles Jacob Stratmann
**CHARLES JACOB STRATMANN**
*a/k/a Jake Stratmann, Interim Pro Se*
As Managing Member of Starboard Yacht Group, LLC
850 NE 3rd Street, Suite 208
Dania Beach, Florida 33004
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Charles Jacob Stratmann
CHARLES JACOB STRATMANN