UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

VIVERE ADVENTURES, LTD.,
      Plaintiff,

v.                        Case No. 0:25-cv-61065-WPD

STARBOARD YACHT GROUP, LLC,
      Defendant.
_____/

**DEFENDANT'S EXHIBIT INDEX**

The following exhibits are submitted in support of Defendant's Response to Order to

Show Cause, Motion to Vacate Default, and Third-Party Complaint:

| Exhibit | Description | Date |
|---------|-------------|------|
| A | Repair Order #42289 Invoice – Vivere Adventures Seakeeper 2 Installation Contract | January 7, 2025 |
| B | Seakeeper Termination Notice to Starboard Yacht Group, LLC | December 2, 2024 |
| C | 2018 Seakeeper Certified Dealer Non-Exclusive Agreement between Seakeeper, Inc. and Starboard Yacht Group, LLC | 2018 |
| D | Tom Cole (Seakeeper) Email Chain – Explicit Refusal to Ship SK2 for Vivere/Contender Project ("SMOKING GUN") | January 27, 2025 |
| E | Comparative Vendor Response Analysis – Voith vs. Seakeeper (demonstrating industry standard vs. aberrant coordination) | July 2023 - 2025 |
| F | Investigative Report: Alleged Unfair Competition and Interference with Starboard Yacht Group (TriSea predatory pricing, employee poaching) | 2024-2025 |

**EVIDENCE SUMMARY**

These exhibits collectively establish:

1. SYG had a valid contract with Vivere for Seakeeper 2 installation (Exhibit A);

2. Seakeeper terminated SYG's dealer status before the contract was executed (Exhibit B);

3. SYG had a 7-year authorized dealer relationship with Seakeeper (Exhibit C);

4. Seakeeper explicitly refused to ship the SK2 unit making performance impossible (Exhibit D);

5. Seakeeper's conduct was aberrant compared to industry standards (Exhibit E); and

6. Seakeeper's termination was part of a coordinated scheme with favored competitors (Exhibit F).

Dated: January 12, 2026

/s/ Charles Jacob Stratmann
**CHARLES JACOB STRATMANN**
Managing Member, Starboard Yacht Group, LLC