UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

VIVERE ADVENTURES, LTD

     Plaintiff,

vs

STARBOARD YACHT GROUP, LLC

     Defendant.

CASE NO.: 0:25-cv-61065-WPD

## MOTION TO STRIKE

COMES NOW, Plaintiff, VIVERE ADVENTURES, LTD, by and through undersigned Counsel, and files this, its Motion to Strike , and would state as follows:

## STATEMENT OF FACTS

1.  Plaintiff filed its Complaint on May 29, 2025. (Doc. No. 1).  The matter generally involves allegations that Plaintiff paid for a SeaKeeper that was never delivered or installed on Plaintiff's Yacht, and also that Defendant STARBOARD YACHT GROUP, LLC. caused damage to the yacht.

2.  On or about November 21, 2025, Counsel for STARBOARD withdrew and STARBOARD was ordered to retain new counsel by December 5, 2025.  Doc. No. 20.  In the Court's Order, it expressly states in relevant part as follows:

> 3. **Defendant Starboard Yacht Group, LLC is reminded that it is a well-settled principle of law that a corporation cannot appear *pro se* and must be represented by counsel**. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-1386 (11th Cir. 1985), *cert. denied,* 474 U.S. 1058 (1986); *National Independent Theater*

CASE NO.: 0:25-cv-61065-WPD

*Exhibitors, Inc. v. Buena Vista Distribution Company,* 748 F.2d 602, 609 (11th Cir. 1985), *cert. denied* 471 U.S. 1056 (1985).

*Id.* (emphasis added).

3.     On or about December 18, 2025, this Court struck Defendant's Pleadings for failure to retain new counsel, and entered a Default against Defendant STARBOARD YACHT GROUP, LLC.  Doc. No. 24.

4.     Thereafter, on or about December 24, 2025, Plaintiff moved for a final default judgment.  Doc. No. 25.

5.     On or about December 29, 2025, the Court entered an order to show cause requiring that Defendant show cause why Plaintiff's Motion for Default Judgment should not be granted on or before January 12, 2026.  Doc. No. 26.

6.     On January 12, 2026, fifty-three (53) days after being ordered to retain new counsel, Charles Jacob Stratmann, purportedly acting on behalf of STARBAORD YACHT GROUP, LLC. as its managing member, filed several documents including the following:

A.     Doc. No. 28 – Defendant's Response to Order to Show Cause;

B.     Doc. No. 30 – Notice of Representation Status and Interim Pro Se Appearance;

C.     Doc. No. 31 – Third Party Complaint against SeaKeeper, Inc.;

D.     Doc. No. 32 – Declaration of Charles Jacob Stratmann;

6.     Undersigned Counsel has searched the Florida Bar website, and it does not appear that Mr. Stratmann is licensed to practice law in the State of Florida.  Accordingly, he cannot represent the LLC in this matter and all of his pleadings should be stricken based on this fact alone.

- 2 -

7.      Moreover, Mr. Stratmann has not sought leave to file a Third Party Complaint, and while claiming under penalty of perjury that STARBOARD YACHT GROUP, LLC has retained counsel that is busy with other matters (Doc. No. 32), Mr. Strattman has not identified the name and law firm of any counsel retained and similarly counsel has not filed an appearance to contest the entry of default.

8.      Undersigned Counsel would suggest to the Court that it is highly unusual for an attorney to be retained to set aside a default but only agree to appear after "14 to 21 days depending on the resolution of criminal matters."  Doc. No. 30.  This allegation alone leaves counsel wondering if STARBOARD YACHT GROUP, LLC. did in fact retain counsel or is making misrepresentations to the Court as failure to promptly move for default by an attorney can be grounds for discipline under the rules regulating the Florida Bar.

9.      STARBOARD YACHT GROUP, LLC.'s response also explicitly admits that it took Plaintiff's money for a SeaKeeper, could not deliver the SeaKeeper, and did not refund Plaintiff.  See Doc. No. 28 at Paragraphs 4-7.

10.     Based on the foregoing, and for reasons to be explained below, the Court should strike Doc. Nos. 28-32 and enter a final default judgment against STARBOARD YACHT GROUP, LLC.

**MEMORANDUM OF LAW**

The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 755 (1986).  In the instant case, Mr. Strattman cannot represent his company as he is not a licensed attorney.

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

CASE NO.: 0:25-cv-61065-WPD

WHEREFORE, Plaintiff respectfully requests this Honorable Court strike the Motion to Doc. Nos. 28-32, grant Plaintiff's Motion for Final Default Judgment, and for such other relief as the Court deems appropriate.

Respectfully submitted,


/s/ *Robert D. McIntosh*
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Robert D. McIntosh
Fla. Bar No. 115490
Email: rmcintosh@fowler-white.com

FOWLER WHITE BURNETT, P.A.
200 East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101


**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Adam B. Cooke
Adam B. Cooke

- 4 -