UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25- 61065-CIV-DIMITROULEAS

VIVERE ADVENTURES, LTD,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

     Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment against Defendant Starboard Yacht Group LLC [DE 25], filed on December 24, 2025. The Court has reviewed the motion and the record as a whole and is otherwise fully advised.

Plaintiff initiated this action on May 29, 2026, and filed an amended complaint on June 24, 2025. [DE 6]. Defendant's response to the amended complaint was thereafter due on July 8, 2025. When Defendant failed to respond, the court issued an Order to Show Cause for Lack of Prosecution. See [DE 8]. Defendant thereafter filed an answer on July 28, 2025. [DE 10].

On November 21, 2025, the Court entered an order granting Defendant counsel Matthew John Valcourt and Valcourt and Associates, LLC's motion to withdraw as counsel. The Court warned that Defendant, as an LLC, was required to ***appear in the record*** with counsel and that a failure to do so would result in the Court deeming Defendant to be in default and striking its pleadings. [DE 20]. On December 9, 2025, after sua sponte review of the record, the Court again warned that Defendant was required to appear in the record with counsel and reminded Defendant's former counsel to serve Defendant with a copy of the order and file a notice of

compliance in the record. [DE 21]. On December 10, 2025, Matthew John Valcourt and Valcourt and Associates, LLC filed a notice of compliance indicating that Defendant Starboard LLC received a copy of that Order [DE 21]. *See* [DE 23]. Defendant failed to appear in the record with counsel within seven days of that order. The Court therefore struck Defendant's pleadings and required Plaintiff to file a motion for default judgment. [DE 24].

On December 24, 2025, Plaintiff filed a motion for default judgment seeking a total of $85,645.27, plus pre-judgment interest through December 26, 2025, in the amount of $8,433.58, plus pre-judgment interest thereafter through the date of judgment in the per-diem amount of $16.50, plus costs, and post-judgment interest thereafter. [DE 25].  On December 29, 2025, the Court issued an Order to Show Cause why the motion for default judgment should not be granted and provided Defendant until January 12, 2026, to show cause. The Court stated that "[a] failure to timely respond may result in the immediate entry of a default judgment in Plaintiff's favor against Defendant." *See* [DE 26].

On January 12, 2026, Charles Jacob Stratmann, not an attorney, filed several documents ostensibly on behalf of Starboard Yacht Group, LLC, including the following:

1.   Defendant's Response to Order to Show Cause [DE 28];

2.   Notice of Representation Status and Interim Pro Se Appearance [DE 30];

3.   Third Party Complaint against SeaKeeper, Inc. [DE 31];

4.   Declaration of Charles Jacob Stratmann [DE 32];

Charles Jacob Stratman asserts he is a managing member of Starboard Yacht Group, LLC and is acting on its behalf. Stratman asserts that Starboard has hired an attorney, but that attorney is busy with criminal matters and has therefore been unable to attend to this case.

The Court was clear in its November 21, 2025 Order, again in its December 9, 2025 Order, and still again in its December 29, 2025 Order, that Defendant was required to "obtain counsel to *appear in the record*" to avoid default. [DEs 20, 21, 26]. Nearly two months later, no such appearance has been made.

Once again, it is a well-settled principle of law that a corporation cannot appear pro se and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company*, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985). Despite numerous warnings, Defendant LLC remains pro se, which is impermissible.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Motion to Strike **[**DE 33] is **GRANTED;**

2.  The filings at [DE 28, 29, 30, 31, and 32] are **STRICKEN;**

3.  Third party defendant, Seakeeper, Inc, is **DISMISSED**. Charles Jacob Stratman, improperly appearing on behalf of Starboard, added Seakeeper as a third party.

4.  The Motion for Default Judgment against Defendant Starboard Yacht Group LLC [DE 25] is **GRANTED;**

5.  The Court will enter a separate final judgment.

6.  The Clerk is **DIRECTED** to mail a copy of this Order on the addresses below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of January, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record

Starboard Yacht Group
850 NE 3rdStreet, Suite208
DaniaBeach, Florida33004
Telephone: (954)873-8546
Email:jake@starboardyacht.com