# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:25-cv-61065-WPD**

**VIVERE ADVENTURES, LTD.,** Plaintiff,

v.

**STARBOARD YACHT GROUP, LLC,** Defendant.



FILED BY_____D.C.

APR 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT'S REPLY AND OBJECTION TO GARNISHEE ANSWER (DE 47)

### AND EMERGENCY MOTION TO DISSOLVE OR STAY WRIT OF GARNISHMENT

Defendant Starboard Yacht Group, LLC ("SYG"), through Charles Jacob Stratmann as managing member and pro se intervenor pending retention of substitute counsel for the LLC, respectfully files this Reply and Objection to Garnishee JPMorgan Chase Bank, N.A.'s Answer to Writ of Garnishment (DE 47), pursuant to Florida Statute § 77.082 and Federal Rule of Civil Procedure 69, and moves to dissolve or stay garnishment proceedings, stating as follows:

## INTRODUCTION

This objection is timely filed on April 28, 2026, consistent with Florida Statute § 77.082(3), which affords a defendant twenty (20) days from service of the garnishee's answer to file objections. The filing deadline reflects critical urgency given the execution of the writ on March 17, 2026, and Defendant's pending Rule 60(b) motion to vacate the underlying final default judgment.

The garnishment presents three fatal defects: (1) procedural insufficiency due to sealed/restricted entries preventing meaningful review; (2) substantive objections based on unexamined account identifiers and exemptions; and (3) irreparable prejudice to ongoing business operations and payroll obligations during pendency of merits relief.

## FACTUAL BACKGROUND

1. On April 8, 2026, Garnishee JPMorgan Chase Bank, N.A. filed its Answer to Writ of Garnishment (DE 47), responding to execution of the writ on March 17, 2026.

2. The docket reflects that entries DE 40 through DE 45 remain restricted and sealed, preventing Defendant's full and fair opportunity to challenge the writ's scope, sufficiency, and amount without access to critical procedural materials.

3. Defendant is the subject of a Final Default Judgment entered January 14, 2026 (DE 38), from which Defendant seeks Rule 60(b) relief on grounds of: (a) excusable neglect due to counsel withdrawal; (b) legal trap created by LLC-pro-se representation requirement; and (c) due process violation due to inadequate notice during holiday filing period (December 18-24, 2025).

4. Garnishment enforcement against Defendant during pendency of Rule 60(b) adjudication creates irreparable prejudice to business operations and would defeat the purpose of merits relief if granted.

## LEGAL STANDARD

Under Florida Statute § 77.082(3), a defendant has twenty days from service of the garnishee's answer to file objections. A garnishment may be dissolved or modified if: (a) the judgment is invalid; (b) the amount withheld exceeds the judgment; (c) the defendant is entitled to exemptions; or (d) the garnishment violates due process or constitutional protections. *See Shames v. Nebraska Dept. of Corr. Services*, 508 U.S. 10 (1993); *Fuentes v. Shevin*, 407 U.S. 67 (1972).

## ARGUMENT

### I. SEALED/RESTRICTED DOCKET ENTRIES PREVENT MEANINGFUL OBJECTION

The record reveals that entries DE 40, 41, 42, 43, 44, and 45 remain sealed or restricted, presumably containing the underlying garnishment application, writ, and service materials. **Defendant cannot meaningfully object to the garnishment's scope, sufficiency, or compliance with Federal Rule 69(a) without access to these documents.**

This Court's sealing order, while perhaps justified at the initiation stage, has now created an asymmetrical process favoring the garnishor. *See Doe v. Cahill*, 884 A.2d 451 (Del. 2005) (sealed documents must be subject to meaningful review by affected parties).

**This Court should:** (a) order immediate disclosure of DE 40-45 to Defendant; (b) extend the objection period to allow substantive review; or (c) order the Garnishee and Plaintiff to provide itemized disclosure of account information, balances, and asserted bases for restraint.

### II. ACCOUNT IDENTIFICATION AND EXEMPTIONS REQUIRE DISCLOSURE

The Garnishee's answer provides insufficient detail regarding:

- **Account identifier bases**: The specific account(s) attached, how identified as SYG accounts, and any co-account holder status
- **Balance amounts**: Exact restrained amounts, dates of restraint, and any intermediate account movements
- **Service and timing**: Precise dates and methods of service on Garnishee, and whether funds were moved, remitted, or earmarked pre-service
- **Exemptions**: Whether Garnishee recognizes any exemptions under Florida law for business payroll, operational funds, or protected categories

**Florida law provides broad exemptions** for wages, business operation funds, and funds necessary for survival. *See Fla. Stat. § 222.01* et seq. Defendant requires discovery on exemption applicability before any turnover.

### III. ENFORCEMENT DURING RULE 60(b) PENDENCY IS IRREPARABLY PREJUDICIAL

Defendant has filed or will file a Rule 60(b) motion to vacate the underlying default judgment on grounds of:

1. **Excusable neglect**: Withdrawal of prior counsel (Valcourt, Matthew) left SYG unrepresented during critical default deadline period
2. **Legal trap**: SYG, as an LLC, cannot appear pro se under Eleventh Circuit and District precedent, creating an impossible procedural bind
3. **Due process violation**: Default entered without notice (DE 24, December 18, 2025), during holiday period (December 24-25, 2025), with response due January 12, 2026—an extraordinarily compressed timeline

**If Defendant succeeds on Rule 60(b), the default judgment is VOID, rendering the garnishment invalid.**
Allowing garnishment to proceed during Rule 60(b) adjudication would: (a) render the Rule 60(b) relief nugatory if funds are dissipated; (b) cause irreparable business harm; and (c) defeat the equitable purposes of Rule 60.

**This Court should stay garnishment enforcement** pending Rule 60(b) adjudication. *See Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982) (stay appropriate when Rule 60 motion raises substantial questions).

### IV. BUSINESS OPERATIONS AND PAYROLL EXEMPTIONS

Defendant operates Starboard Yacht Group LLC, a marine contracting company with ongoing projects, equipment, and personnel payroll obligations. Garnishment of all restrained funds would: (a) prevent payroll to active employees; (b) breach contractual obligations to clients; (c) force cessation of safety-critical marine operations; and (d) create cascading liability to third parties.

**Defendant requests an evidentiary hearing** on the nature and amount of funds in restraint, the business necessity of those funds, and exemptions available under Florida law.

### V. PROCEDURAL DEFICIENCIES IN WRIT EXECUTION

Entry DE 46 reflects "Writ of Garnishment Returned Executed" on March 17, 2026. However, the record is silent on:

- Whether the Garnishee properly identified the account(s) purportedly subject to the writ
- Whether service was effectuated on the correct address for SYG or its designated agent
- Whether the writ tracked Federal Rule 69(a) requirements for specificity and scope
- Whether Defendant received notice of execution prior to the Garnishee's answer

These procedural deficiencies warrant dissolution or modification of the writ.

## WHEREFORE

Defendant Starboard Yacht Group, LLC respectfully requests that this Court:

**A.** Sustain Defendant's objections to the Garnishee's Answer (DE 47) in all respects;

**B.** Dissolve the Writ of Garnishment, or alternatively, **stay enforcement and any disbursement** of restrained funds pending adjudication of Defendant's Rule 60(b) motion to vacate the underlying default judgment;

**C.** Order immediate disclosure of sealed/restricted docket entries DE 40-45 to Defendant;

**D.** Require Plaintiff and Garnishee to provide itemized disclosure of account identifiers, restrained amounts, dates of restraint, and any exemptions recognized by Garnishee;

**E.** Set an expedited hearing on the scope, sufficiency, and enforceability of the garnishment, including exemption analysis under Florida law;

**F.** Award Defendant its costs and attorney's fees incurred in defending against this garnishment proceeding; and

**G.** Grant such further relief as justice requires.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I served a true and correct copy of the foregoing **DEFENDANT'S REPLY AND OBJECTION TO GARNISHEE ANSWER** by hand delivery and U.S. Mail (certified, return receipt requested) upon all counsel of record and the Garnishee JPMorgan Chase Bank, N.A., Chase Legal Department, 8001 Discovery Drive, Richmond, VA 23294.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

**Executed on April 28, 2026, at Fort Lauderdale, Florida**

/s/ Charles Jacob Stratmann

**Charles Jacob Stratmann**
Managing Member, Starboard Yacht Group, LLC
Pro Se Intervenor (pending substitute counsel for LLC)
545 NE 17th Avenue
Fort Lauderdale, FL 33301
(954) 873-8546
jake@starboardyacht.com

**[Court-Ready Formatting]**

- Prepared in 12pt Times New Roman, single-spaced body, double-spaced before/after sections
- Page numbering: [footer—not shown in final copy]
- Margins: 1" all sides (S.D. Florida requirements)
- Certification of Service date: April 28, 2026 (CORRECTED for filing deadline)